# Commonwealth of Massachusetts

MIDDLESEX,SS...

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. *2281-CV-04175*

KAREN DANIELS _____, PLAINTIFF(S)

v. ALVARIA, INC., NOBLESYSTEMS CORPORATION,
and ASPECT SOFTWARE, INC.,
_____, DEFENDANT(S)



## SUMMONS

THIS SUMMONS IS DIRECTED TO *ALVARIA, INC.* _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the *Middlesex Superior* Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, *Middlesex Superior* Court, *200 Tradecenter Dr.* *Woburn, MA 01801* (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: *Melissa Pomfred, Pomfred Law Offices, PLLC, 5 East Street, Franklin, MA 02038.*

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

*A true copy Attest* *2-1-23*
*Deputy Sheriff Suffolk Court*

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____, 20 ___.

_____

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20 ___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____, 20 ____        Signature: _____

**N.B.**    **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

+--------------------------------------------------+
|                                                  |
|                                      , 20____    |
|                                                  |
+--------------------------------------------------+

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2281CV04175 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Karen Daniels vs. Alvaria, Inc. et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|

| TO: Melissa Anne Pomfred, Esq. Pomfred Law Offices, PLLC 5 East St Franklin, MA 02038 | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                     DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 03/07/2023 |  |
| Response to the complaint filed (also see MRCP 12) |  | 04/06/2023 |  |
| All motions under MRCP 12, 19, and 20 | 04/06/2023 | 05/08/2023 | 06/05/2023 |
| All motions under MRCP 15 | 04/06/2023 | 05/08/2023 | 06/05/2023 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/03/2023 |  |  |
| All motions under MRCP 56 | 11/02/2023 | 12/04/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 04/01/2024 |
| Case shall be resolved and judgment shall issue by |  |  | 12/06/2024 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 12/16/2022 | ASSISTANT CLERK Arthur T DeGuglielmo | PHONE |
|---|---|---|

Date/Time Printed: 12-16-2022 11:57:17                                                          SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2281-CV-04175 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

COUNTY *Middlesex Superior Court (Woburn)*

| Plaintiff | Karen Daniels | Defendant | Alvaria, Inc., Noble Systems Corporation, Aspect |
|---|---|---|---|
| ADDRESS: | 119 Davis Road, Bedford, Massachusetts 01730 | ADDRESS: | Software, Inc. |
| | | | 5 Technology Park Drive, Westford, Middlesex County, Massachusetts 01886 |
| Plaintiff Attorney: | Melissa A. Pomfred, Esq. | Defendant Attorney: | |
| ADDRESS: | Pomfred Law Offices, PLLC | ADDRESS: | |
| 5 East Street, Franklin, Massachusetts 02038 | | | |
| BBO: | 665582 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination (sex) | F | ☒ YES  ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES  ☒ NO | ☐ YES  ☒ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

1. Total hospital expenses _____

2. Total doctor expenses _____

3. Total chiropractic expenses _____

4. Total physical therapy expenses _____

5. Total other expenses (describe below) _____

Subtotal (1-5):  $0.00

B. Documented lost wages and compensation to date  $2,947,620.00

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages  $19,000,000.00

F. Other documented items of damages (describe below)  $23,000,000.00

treble damages, compensatory damages, emotional distress damages and punitive damages, plus interest, costs, and reasonable attorney fee, etc.

TOTAL (A-F):  44,947,620

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

In addition to other claims, failure to pay due commissions and wrongful termination as well as retaliation for asserting her rights under the law. Harassment and discrimination based on sex, as well as retaliation for asserting her rights under the law.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X *Melissa A Pomfred*    Date: 12.7.2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X *Melissa A Pomfred*    Date: 12.7.2022

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:12-07-2022 14:18.39

## COMMONWEALTH OF MASSACHUSTTS

**MIDDLESEX, ss**

**SUPERIOR COURT**
C.A. No. *2281 - CV - 04175*

---

KAREN DANIELS,
      PLAINTIFF,

v.

ALVARIA, INC., NOBLE SYSTEMS
CORPORATION, and ASPECT
SOFTWARE, INC,
      DEFENDANTS.

---

## **COMPLAINT AND JURY DEMAND**

### **Nature of the Case**

1.      This is an action for declaratory judgment, permanent injunctive relief and damages for injuries to Plaintiff as a result of Defendants' unlawful employment practices. Plaintiff is seeking remedies for damages suffered as a result of Defendants' violation of her rights under the Massachusetts Fair Employment Practices Act ("M.G.L. c. 151B") by harassing, discriminating against and retaliating against Plaintiff due to her gender. Plaintiff also seeks damages for violation of her rights under the Massachusetts Wage Act ("M.G.L. c. 149 & 151") and as well as common law violations. Karen Daniels was a top sales performing for over a decade at Defendant Noble Systems Corporation, when her employer merged with Defendant Aspect Software, Inc. to form Defendant Alvaria, Inc. The Defendants refused to pay employees commissions owed them under the existing contracts, which went to Alvaria under the existing Noble Systems Corporation contracts. When Mrs. Daniels sought payment for her

commissions due and determinable, some were paid to her. Subsequently, she

endured retaliation. Alvaria, Inc. forced Mrs. Daniels to work her final quarter

without a plan to pay her and fired her for her seeking to remedy Defendants

unlawful practice. Her situation was made worse by the gender discrimination

engaged in by Alvaria, Inc.

### The Parties

2.      Plaintiff Karen Daniels, ("Mrs. Daniels" or "Plaintiff"), is a female residing in,
        Massachusetts.

3.      Upon information and belief, Defendant Noble Systems Corporation ("Noble") is
        a foreign corporation organized in Georgia. Upon information and belief,
        Defendant Noble never registered as a corporation lawfully conduct business in
        Massachusetts. Upon information and belief, it has a principal business office at 5
        Technology Park Drive, Westford, Middlesex County, Massachusetts 01886.

4.      Upon information and belief, Defendant Aspect Software, Inc. ("Aspect") is a
        Massachusetts corporation with a business location 5 Technology Park Drive,
        Westford, Middlesex County, Massachusetts 01886. On June 11, 2021, Defendant
        Aspect filed a Certificate of Amendment with the Massachusetts Secretary of
        State to change the corporation's name to "Alvaria, Inc." Upon information and
        belief Defendant Aspect's Registered Agent is Corporation Service Company, 84
        State Street, Boston, MA 02109.

5.      Upon information and belief, Defendant Alvaria, Inc. ("Alvaria") is a foreign
        corporation doing business in Massachusetts with a principal business location
        listed as 5 Technology Park Drive, Westford, Middlesex County, Massachusetts
        01886. The Registered Agent is listed as Corporation Service Company, 84 State

2

Street, Boston, MA 02109. Upon information and belief, Defendant Alvaria was

incorporated under the laws of Delaware on June 15, 1982.

6.   For this matter, all Defendants will be referred to collectively as "Defendants."

7.   Plaintiff at all times described in this Complaint was an employee of Defendants

within the meaning of M.G.L. c. 151B and the Massachusetts Wage Act.

8.   Defendants at all times described in this Complaint was Mrs. Daniels employer

within the meaning of M.G.L. c. 151B and the Massachusetts Wage Act.

## Jurisdiction and Venue

9.   This court has jurisdiction to address this matter pursuant to M.G.L. c. 149, §

150 and its inherent common law authority.

10.  The Plaintiff has filed a complaint regarding this matter with the Massachusetts

Attorney General pursuant to M.G.L. c. 149, § 150.

11.  Venue is proper pursuant to M.G.L. c. 223 § 1 because Defendants have a usual

place of business in Middlesex County.

## Conditions Precedent

12.  After timely filing her complaints at the MCAD and EEOC, Plaintiff notified the

MCAD and the EEOC that she would be removing her case and filing in court. A

dismissal was issued by the MCAD on October 12, 2022 and the EEOC on

October 18, 2022. Those dismissals are attached hereto as Exhibit A.

13.  Plaintiff timely filed a complaint with the Massachusetts Office of the Attorney

General. At Plaintiff's request, that office issued a Private Right to Sue, which is

dated October 18, 2022. That dismissal is attached hereto as Exhibit B.

3

14.    Mrs. Daniels has satisfied all prerequisites and conditions precedent necessary to
entitle her to seek remedy against Defendants by this action.

**Facts**

a.    *Mrs. Daniels worked for Noble Systems Corporation before it merged with
Aspect to create Alvaria in 2021.*

15.    Prior to 2021, Noble was a privately held company based in Atlanta, Georgia,
which developed call center technology, including outbound dialing systems for
collections and inbound call management systems for customer relationship
management.

16.    Mrs. Daniels worked for Noble for more than twelve (12) years prior to the
merger in 2021.

17.    In her role, Mrs. Daniels sold software for Noble in two different fashions:
premise and cloud. The customers who bought either premise or Cloud software
were required to sign a legally binding contract outlining the customer's payment
schedule and any other obligations.

18.    In a "Premise Deployment" the customer would pay a percentage of the software
upfront, deploy the software at their site, and pay the remaining percentage for the
software over a contractually agreed upon time period.

19.    The sales commission was split on a Premise Deployment sale. Noble would issue
sales commissions as the customer's ongoing contractually requirement payments
were received.

20.    In a "Cloud Deployment" the customer would pay for the software monthly over
a term (typically 3 or 5 years). In this scenario, Noble would make commissions

4

payments as the customer's monthly payments came in for the sale (as a percentage of those payments).

21.    Both the Premise and Cloud customers were legally obligated to make their payments to Noble and subsequently the merged entity, Alvaria.

22.    There was no further action for the commission to be earned. Noble – and later Alvaria – just waited for the contractually obligated customer payments to arrive.

23.    Presumably, Noble determined these extended payment plans to benefit its business.

24.    The commissions became wages when the sales contracts were signed.

25.    Some of the customer contracts Mrs. Daniels was due commissions on have and will continue to earn the company money until 2023.

   b.  *Alvaria emerged from a merger between Noble and Aspect. Alvaria kept Mrs. Daniels on as an employee and her customers as its own under their existing Noble contracts.*

26.    Alvaria was advertised by Defendants to have been designed to provide workforce engagement and contact center software and cloud services technology solutions. Defendants informed news outlets, customers and employees of the merger.

27.    Mrs. Daniels customers with existing contracts were informed of the merger.

28.    Mrs. Daniels customers were told nothing about their contracts would change.

29.    Mrs. Daniels customers continued to operate under the existing Noble contracts and were not required to sign new contracts or addendums with Alvaria.

30.     Alvaria continued to provide the services promised under the contracts with
        Noble, and customers continued making the contractually required payments –
        but now to Alvaria.

        c.  *Alvaria discriminated against Mrs. Daniels and other female employees*
            *on the basis of gender.*

31.     Throughout her employment, Alvaria treated Mrs. Daniels and other females
        worse than their male peers due to discriminatory animus on the basis of gender.

32.     Viewing Alvaria's management structure and staff breakdown shows a landscape
        of failing to promote, hire and retain female employees.

        d.  *Noble, Aspect and Alvaria engaged in an unlawful scheme to convert*
            *employee wages and commissions to itself.*

33.     Alvaria engaged in a scheme to convert commissions owed to Defendants' sales
        staffs to itself.

34.     On May 18th, 2021, Alvaria told the former Noble sales team that as of June 30,
        2021 Alvaria would not pay commissions on the sales contracts of Alvaria
        customers brought from Noble.

35.     Defendants continued to provide customers the services promised under the
        contracts with Noble, and the customers continued making the contractually
        required payments – but now to Alvaria.

36.     Alvaria recouped these payments from customers and did not pay commissions on
        these customer payments.

37.     Alvaria documented this scheme in writing, stated this to staff and terminated
        employees across the country without paying their legally earned
        commissions/wages.

38.     Additionally, shortly before Memorial Day 2021, Alvaria laid off approximately one hundred (100) employees and 75% of the sales organization.

39.     Employees who stayed on at Defendants were not paid commissions on any of the contracts signed at Noble, even those that remained under Alvaria.

   e.  *Mrs. Daniels engaged in protected activity by attempting to resolve the failure of Alvaria to pay the commissions due.*

40.     Mrs. Daniels knew Alvaria's conversions of commissions was wrong and attempted to resolve the situation.

41.     There was no rationale provided for the unlawful conversion of employee commissions.

42.     Mrs. Daniels complained about Alvaria's refusal to pay commissions to Rob Clarke (Head of North American Sales at Alvaria) and Mr. Gerlach, who had been overseeing the payment of commissions.

43.     Mr. Gerlach told Mrs. Daniels that Alvaria would also not be paying her commissions either.

44.     Mr. Clarke told Mrs. Daniels that the Alvaria did not intend to pay commissions to individuals the company was terminating.

45.     Mr. Clarke stated to Mrs. Daniels that although Alvaria would not pay commissions to the employees being laid off, Alvaria was working on a solution to keep whole and pay for her commissions coming in after June 30, 2021.

46.     Mr. Clark stated to Mrs. Daniels that Alvaria was working to pay her for a large sale she made in 2020 for Comenity/Alliance Data.

47.    When no resolution occurred, Mrs. Daniels scheduled a meeting with former-CEO Patrick Dennis. Despite being CEO, Mr. Dennis stated he had nothing to do with commissions and directed her back to Mr. Gerlach.

48.    In June 2021, Alvaria told Mrs. Daniels it would not pay her any commissions on the disputed contracts due after June 30, 2021, including the Comenity/Alliance Data deal Mr. Clarke had stated she would be paid on.

49.    In late July 2021, Alvaria distributed its new Sales Compensation plan.

50.    This new plan changed how Mrs. Daniels and other sales representatives would be paid. Commissions would be paid when the sales contract was signed, as opposed to when payment came in under the Noble sales plan. Under the new plan Alvaria would not make any payments to sales representatives for the contracts brought from Noble.

51.    Mrs. Daniels her internal attempts to resolve what she saw as an unlawful theft of her and others' earned commissions.

   f.    *Mrs. Daniels engaged in protected activity and attempts to resolve the failure of Alvaria to pay the commissions due. Alvaria retaliated with harsh treatment, and unlawfully fired her in retaliation for asserting her legal rights and/or to avoid paying her due commissions/wages. Mrs. Daniels's complaints and efforts were viewed and treated more harshly because she is a woman. They also engaged in a sham investigation.*

52.    Mrs. Daniels was treated differently after her attempts to resolve her commission concerns.

53.    On October 8, 2021, CEO Dennis retaliated against Mrs. Daniels during a quarterly business review meeting held via Microsoft Teams videocall. There were at least 13 individuals on the videocall.

8

54.    During the call, Mrs. Daniels presented her pipeline for fourth quarter 2021 and 2022.

55.    CEO Dennis was unusually harsh about her pipeline. He specifically referenced her protected activities regarding payment of her commissions.

56.    CEO Dennis stated that he [did not] care about [her] commissions and how staff is paid, he wants his "$1.2 million" for the fourth quarter 2022 and he wanted his "fucking money."

57.    CEO Dennis was apparently addressing Mrs. Daniels ongoing attempts to obtain an agreement on how she would be paid for the fourth quarter of 2021. He then said there was nothing more to talk about and they were done with the meeting.

58.    Mrs. Daniels had already surpassed her goal for 2021.

59.    Mrs. Daniels did not have a goal of $1.2 million in the fourth quarter of 2021 in her operative sales plan.

60.    Mrs. Daniels reported this retaliation to Human Resources, who hired an outside agency to conduct an investigation. Alvaria and its paid agent determined no retaliation occurred and no further action was taken to resolve her complaint.

61.    Multiple individuals on the call were not questioned during the investigation.

62.    This was a sham investigation.

   g.    *Defendants produced a plan that provided her with some commissions owed to her. The plan left the issues unresolved for the fourth quarter of 2021 and moving forward. Defendants refused to resolve the issue, and continued their retaliatory actions, unlawfully fired Mrs. Daniels due to discriminatory animus towards her gender and/or in retaliation for her protected activities, after they refused to address, remedy and/or correct the ongoing violations.*

9

63.    After Defendants learned Mrs. Daniels had an attorney, they finally agreed to pay her the commissions that were earned and due to date.

64.    Defendants paid her over $676,000 in commissions, which they initially refused to pay.

65.    Mrs. Daniels was concerned that the new compensation plan made no mention of the other commissions owed her under the existing contracts.

66.    To preserve Mrs. Daniels rights to those commissions, she defined and submitted to edits to the compensation plan, which edits she felt were necessary needed to maintain her legal rights to be paid commissions already owed.

67.    In response to Mrs. Daniels edits to the new sales plan, Alvaria suggested keeping her on her prior Noble compensation plan through December 31, 2021.

68.    Mrs. Daniels agreed this could be a temporary solution, but stated that she would like to resolve three glaring flaws with Alvaria's plan: 1) under this plan, in 2022, she would not be paid for sales made in the fourth quarter of 2021 Q4; 2) the problem of not paying her ongoing commissions due would arise again in 2022 with any plan suggested by Alvaria; and 3) she was concerned that Alvaria was intentionally stealing commissions from herself and others.

69.    Alvaria made four commission payments to Mrs. Daniels on October 15, 2021, November 8, 2021, December 31, 2021 and February 1, 2021.

70.    Alvaria still had not paid Mrs. Daniels the due commission on an order she sold in October 2021.

71.    Throughout the remainder of 2021 into early January 2022, Mrs. Daniels asked on multiple occasions for Alvaria to state how it intended to pay Mrs. Daniels for

sales made in the third and fourth quarter of 2021. She also asked for an answer on how payment would be made on the ongoing payments for contracts she sold and for which Defendants were receiving payment in 2022 through December 2023.

72.    Alvaria refused to provide an answer.

73.    On January 4, 2022, in response to Mrs. Daniels's continued request for a 2022 compensation plan, Alvaria stated that until the 2022 plan was distributed, there was no feedback regarding whether her new plan would continue to attempt to deny her commissions. Alvaria even refused to provide her with a template of the plan for her to ensure the new plan did not have the same commission issues as the 2021 plan had.

74.    Mrs. Daniels met with Beth Ward from Alvaria's Human Resources department to discuss her ongoing concerns.

75.    Mrs. Daniels reported to Ms. Ward that she was seeking help with 1.) Alvaria intentionally stealing commissions from employees, most egregiously employees laid off; 2.) Alvaria not paying Mrs. Daniels commissions and then retaliating against her when she sought those commissions; 3.) her concern regarding the implication that not one executive had taken any time to speak with her regarding her serious concerns; 4.) the non-existent or sham investigation into her reports of retaliation; and 5.) Alvaria was violating contractual requirements to some of Mrs. Daniels customers by not providing US support.

76.    On February 9, 2022, Mrs. Ward stated that Alvaria was terminating Mrs. Daniels's employment and refused to pay her the commissions she requested.

77.    Alvaria terminated Mrs. Daniels as of February 14, 2022.

78.    Alvaria fired Mrs. Daniels without cause or justification.

79.    Alvaria fired Mrs. Daniels because she sought and received payment for unpaid
       commissions/wages due to her during her employment, as well as attempting to
       ensure future payment of her commissions/wages that Alvaria planned to keep for
       itself, to avoid paying her additional commissions and future commissions, and
       because she complained about discrimination and retaliation.

80.    As a result, Alvaria has refused to pay Mrs. Daniels the commissions due to her
       and again converted commissions due a former employee to its own pockets.

81.    When Mrs. Daniels tried to discuss business issues and/or wage and commission
       issues with Defendants, she was treated with hostility, disrespect and retaliation –
       or was ignored.

82.    Defendant interfered with Mrs. Daniels's ability to be successful in her position.

83.    Defendants created a hostile work environment, harassed Plaintiff, discrimination
       against her, and took the above adverse actions against her because of her
       sex/gender, and/or because she asserted her rights under G.L. c. 151B and the
       Massachusetts Wage Act.

84.    Defendants subjected Plaintiff to retaliation, including ignoring her,
       discriminating against her, refusing to pay wages and commissions due,
       humiliating her in meetings, and terminating her employment.

85.    Plaintiff was treated less favorably than her peers who did not take actions
       protected under the law.

86. As a result of her unlawful termination by Defendants, Mrs. Daniels was out of work and has suffered related damages, including emotional distress.

87. Defendants engaged in a policy, pattern and practice of sex discrimination against Mrs. Daniels and, upon information and belief, other female employees with respect to hire, promotions, and other terms and conditions of employment.

88. Defendants treated Plaintiff less favorably than her male peers as described above, including, but not limited to, selecting her for termination due to her gender.

Defendants' Motivation

89. The ostensible reason for Plaintiff's dismissal was pretextual.

90. Defendants' conduct, as more particularly set forth above, was willful and knowing.

91. Defendants' conduct, as more particularly set forth above, was intended to and did harm Plaintiff.

92. Defendants' conduct, as more particularly set forth above, has caused Plaintiff to suffer emotional distress, and continues to do so.

93. Defendants' conduct, as more particularly set forth above, was made with the knowledge and intent to violate state law.

94. Defendants' conduct, as more particularly set forth above, was carried out with malice.

95. Defendants' conduct, as more particularly set forth above, was outrageous and egregious, and warrants condemnation and deterrence.

**COUNT I**
**MASSACHUSETTS WAGE ACT**
**M.G.L. c. 149, §§148, 150-Unpaid Commissions**

96.   Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 95 above and incorporates them by reference herein.

97.   At all times relevant to the events described herein, the Defendants were "employers" within the meaning of the Massachusetts Wage Act and thus were required to compensate Mrs. Daniels in accordance with the requirements imposed on employers by said statute.

98.   Defendants had an obligation to pay Plaintiff commissions earned for the sale of products and/or services.

99.   Defendants failed to pay all commissions owed to Plaintiff, which are currently due and owing, on a timely basis for the work she did for Defendants in violation of the Massachusetts Wage Act.

100.  As described above, by failing to properly pay Mrs. Daniels her earned commissions, the Defendants have deprived Mrs. Daniels of commissions in violation of M.G.L. c. 149, §§ 148, 150.

101.  As a result of Defendants' repeated and willful violations of M.G.L. c. 149, §§ 148 and 150, Plaintiff has incurred damages in an amount to be determined at trial.

## COUNT II
### M.G.L. c. 149 & 151: Retaliation

102.  Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 101 above and incorporates them by reference herein.

103.  By voicing internal complaints about her unpaid commissions, Mrs. Daniels engaged in activity protected by M.G.L. c. 149 and 151.

14

104.    By requested a compensation plan that spelled out how she would be paid for

        sales made in the fourth quarter of 2021, Mrs. Daniels engaged in activity

        protected by M.G.L. c. 149 and 151.

105.    Mrs. Daniels was terminated from her employment after these protected activities.

        This adverse action was motived by a desire to retaliate against Mrs. Daniels for

        those protected activities.

106.    By terminating Plaintiff following her complaints regarding non-payment of

        commissions, Defendants have retaliated against Plaintiff for the exercise of her

        rights under the Massachusetts Wage Act.

107.    As a result of Defendants' repeated and willful violations of M.G.L. c. 149, §§

        148, 148A and 150, Plaintiff has incurred damages in an amount to be determined

        at trial.

## **COUNT III:**
### **Violation of M.G.L. c. 151B § 4– Sex Discrimination and Harassment**

108.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 107 and

        incorporates them by reference herein.

109.    Defendants are employers under M.G.L. c. 151B, and subject to its provisions.

110.    Defendants treated Plaintiff differently as to the terms and conditions of her

        employment based upon her sex and her reporting of unfair treatment.

111.    Defendants harassed, discriminated against and retaliated against Plaintiff, at least

        in part, based upon based upon her sex.

112.    This environment and the conditions imposed upon Plaintiff related to and

        adversely affected the terms and conditions of her employment.

15

113.    Defendants through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the perpetrators of the unlawful conduct, acts, and failures to act, as described above.

114.    Defendants failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

115.    The above action and inaction violated Plaintiff's rights under M.G.L. c. 151B and caused her damages.

116.    Defendants are liable to Plaintiff for violating Plaintiff's rights under M.G.L. c. 151B.

## COUNT IV
### Violation of M.G.L. c. 151B, § 4(4) - Retaliation

117.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 116 and incorporates them by reference herein.

118.    As outlined above, Defendants terminated and discriminated against Plaintiff because she opposed Defendants' violation of her rights under M.G.L. c. 151B, § 4.

119.    Plaintiff has suffered damages from the violations of law set forth above.

120.    Defendants are liable for the violations of law set forth above.

121.    Defendants' acts of discrimination against Plaintiff, as more particularly described above, were made willfully and with knowledge or reason to know that they violated the law.

## COUNT V
### Breach of Contract

122.    Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 121 above and incorporates them by reference herein.

16

123. The Plaintiff and the Defendant were parties to a contract under which the Defendant agreed to and had a duty to pay the Plaintiff commissions for her sales activities according to her and the customer contracts.

124. The Defendant breached its contractual duty by failing to pay Plaintiff the commissions due pursuant to the terms of the contract.

125. The Defendant's breach was material.

126. As a result of the Defendant's breach, the Plaintiff suffered damages.

127. The Defendant's breach was both the proximate and actual cause of Plaintiff's damages.

128. The Defendant's breach of contract entitles Plaintiff to recover contract damages, including but not limited to, incidental and consequential damages, and pre-judgment interest from the date of the breach.

## COUNT VI
### Breach of Implied Covenant of Good Faith and Fair Dealing

129. The Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 128 above and incorporates them by reference herein.

130. The Plaintiff and Defendant entered into the agreement pursuant to which the Defendant agreed to pay the Plaintiff a commission for the Plaintiff's sale of products and services.

131. Implied within the agreement between the Plaintiff and the Defendant was a covenant of good faith and fair dealing.

132. The Defendant's above-described conduct constituted a breach of the implied covenant of good faith and fair dealing.

133. As a result, the Plaintiff has incurred harm and loss.

17

## COUNT VII
### Fraud/Misrepresentation/Deceit

134. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 133 above and incorporates them by reference herein.

135. Defendants represented to Plaintiff that she would be paid commissions in exchange for services rendered to the company.

136. Defendants stated they would work with Plaintiff to make her whole.

137. Plaintiff relied on the representations made by Defendants.

138. Defendants representations were false and made with the intent to deceive Plaintiff and induce her to work for Defendants.

139. As a result of Defendants fraud, misrepresentation and deceit, Plaintiff has incurred harm and loss.

## COUNT VIII
### Estoppel

140. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 139 above and incorporates them by reference herein.

141. Defendants received the benefit of work performed by Plaintiff.

142. Defendants promised to pay Plaintiff commissions for her services.

143. In reliance on Defendants' promises, Plaintiff worked continuously, diligently and effectively on behalf of Defendants.

144. Despite Plaintiff's commitment and sacrifices and despite her notice of nonpayment, Defendants intentionally failed and refused in bad faith to pay Plaintiff's commissions.

145.   Defendant collected the money on the contracts for which they refuse to pay
       Plaintiff's commissions.

146.   Accordingly, Defendants are estopped from refusing to pay Plaintiff her unpaid
       commissions.

## COUNT IX
### Quantum Meruit

147.   Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 146
       above and incorporates them by reference herein.

148.   Defendants received the benefit of work performed by Plaintiff.

149.   Defendants accepted Plaintiff's services with the knowledge that Plaintiff
       expected to be paid commissions for her services.

150.   Plaintiff provided her services with the reasonable expectation that she would be
       properly compensated for these services.

151.   Defendant collected the money on the contracts for which they refuse to pay
       Plaintiff's commissions.

152.   It is unjust for Defendants to retain the benefits of Plaintiff's effort without
       tendering to Plaintiff her lawful commissions due.

153.   The Defendants are liable to Plaintiff for the fair value of her employment
       services, including overtime pay, commissions and the full value of employee
       wages, commissions and benefits she would have received had Defendants
       complied with the law.

154.   As a result of Defendants' violations of the Massachusetts common law set forth
       above, Plaintiff has incurred damages in an amount to be determined at trial.

## COUNT X
### Unjust Enrichment

19

155.  Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 to 154 above and incorporates them by reference herein.

156.  By failing to pay Plaintiff her lawful wages, Defendants have been unjustly enriched at the expense of Plaintiff by receiving the benefit of Plaintiff's services without paying her the proper compensation.

### PRAYER FOR RELIEF

**WHEREFORE,** Mrs. Daniels respectfully demands relief as follows:

A.  Adjudge the Defendants liable for the violations of law set forth in Count I.

B.  Adjudge the Defendants liable for the violations of law set forth in Count II.

C.  Adjudge the Defendants liable for the violations of law set forth in Count III.

D.  Adjudge the Defendants liable for the violations of law set forth in Count IV.

E.  Adjudge the Defendants liable for the violations of law set forth in Count V.

F.  Adjudge the Defendants liable for the violations of law set forth in Count VI.

G.  Adjudge the Defendants liable for the violations of law set forth in Count VII.

H.  Adjudge the Defendants liable for the violations of law set forth in Count VIII.

I.  Adjudge the Defendants liable for the violations of law set forth in Count IX.

J.  Adjudge the Defendants liable for the violations of law set forth in Count X.

K.  Award Mrs. Daniels the damages owed by Defendants, plus interest, costs and reasonable attorney fee as provided by M.G.L. c. 149 and 151.

L.  Award Plaintiff multiple damages pursuant to M.G.L. c. 149 and 151.

M.  Award Mrs. Daniels the damages owed by Defendants, including emotional distress damages and punitive damages, plus interest, costs, and reasonable attorney fee as provided by M.G.L. c. 151B.

N.    Issue a preliminary injunction enjoining Defendants from failing to pay commissions to its present employees.

O.    Issue a permanent injunction enjoining Defendants from failing to pay wages to its present and future employees.

P.    Grant Mrs. Daniels such additional relief, including equitable and/or injunctive relief, as the court deems reasonable and proper.

## JURY DEMAND

Mrs. Daniels demands a jury trial on all her claims.

Respectfully submitted,
KAREN DANIELS,
By her attorney,

Date: December 7, 2022

Melissa Pomfred (BBO# 665682)
melissa@pomfredlaw.com
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA 02038
P: (508) 321-7859

21

**EXHIBIT A**

THE COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

## - DISMISSAL -

| To: | Melissa A Pomfred<br>PomFredLaw<br>5 East Street<br>Franklin, MA 02038 | Case: Karen Daniels v. Alvaria, Inc., Noble Systems<br>Corporation, Aspect Software, Inc.<br>MCAD Docket Number: 22BEM01698<br>EEOC/HUD Number: 16C-2022-01798<br>Investigator: Marzella Hightower |
|---|---|---|

Your complaint has been dismissed as follows:

[ ]   Pursuant to 804 CMR 1.08(1)(a) (2020), the Commission accords substantial weight to
the findings or resolution of the complaint by another forum and has decided to close the
investigation accordingly.

[X]   Pursuant to 804 CMR 1.08(1)(b) (2020), the complaint is dismissed after being
withdrawn pursuant to 804 CMR 1.04(12) (2020). You are required to file a copy of a
complaint filed in court after withdrawal from the Commission with the Commission's
Office of the General Counsel pursuant to 804 CMR 1.04(13) (2020).

[ ]   Pursuant to 804 CMR 1.08(1)(d) (2020), the complaint is administratively dismissed due
to:

> [ ] bankruptcy of a party
> [ ] death of a party
> [ ] inability to locate a party after providing the party 30 days in which to
> respond to a notice sent to the party's last known address
> [ ] adjudication by another forum
> [ ] unreasonable refusal by complainant to cooperate with processing the case
> [ ] failure to participate
> [ ] refusal to accept a reasonable settlement offer
> [ ] other:

[ ]   Pursuant to 804 CMR 1.08(1)(e) (2020), the parties have settled the case.

[ ]   Pursuant to 804 CMR 1.08(4)(a)(5) (2020), the Commission has entered an order
reversing a probable cause determination.

**Please note that further administrative or judicial review of the dismissal of your
complaint is unavailable.**

*Neldy Jean-Francois*                                          October 12, 2022
_____                    _____
Neldy Jean-Francois                                           Date
Investigating Commissioner

MCAD Docket Number 22BEM01698, Dismissal without Right to Appeal



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/14/2022

To: Karen Daniels
119 Davis Road
Bedford, MA 01730

Charge No: 16C-2022-01798

EEOC Representative and email:    Amon Kinsey
Supervisory Investigator
amon.kinsey@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By Timothy Riera
10/14/2022
Timothy Riera
Acting District Director

**EXHIBIT B**



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

October 18, 2022

Attorney Melissa A. Pomfred
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA  02038

RE:    Karen Daniels
       Request for Private Right of Action against Alvaria, Inc., Noble Systems Corporation,
and Aspect Software, Inc.

Dear Attorney Pomfred:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a
private right of action for employees who believe they are victims of certain violations of the
state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private
civil lawsuit.  If you elect to sue in civil court, you may bring an action on your own or your
clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465

# Corporations Division

## Business Entity Summary

### ID Number: 020364368

Request certificate     New search

**Summary for: ALVARIA, INC**

| | |
|---|---|
| **The exact name of the Foreign Corporation:** ALVARIA, INC | |

**The name was changed from:** ASPECT SOFTWARE, INC. **on** 06-11-2021
**The name was changed from:** CONCERTO SOFTWARE, INC. **on** 05-22-2007
**The name was changed from:** DAVOX CORPORATION **on** 05-20-2002
**The name was changed from:** DAVOX COMMUNICATIONS CORP. **on** 11-16-1984

**Entity type:** Foreign Corporation

**Identification Number:** 020364368

**Date of Registration in Massachusetts:**
08-23-1983

**Last date certain:**

**Organized under the laws of: State:** DE **Country:** USA **on:** 06-15-1982

**Current Fiscal Month/Day:** 12/31      **Previous Fiscal Month/Day:** 12/31

**The location of the Principal Office:**

Address: 5 TECHNOLOGY PARK DRIVE

City or town, State, Zip code,      WESTFORD,  MA  01886  USA
Country:

**The location of the Massachusetts office, if any:**

Address:

City or town, State, Zip code,
Country:

**The name and address of the Registered Agent:**

Name:     CORPORATION SERVICE COMPANY

Address: 84 STATE ST.

City or town, State, Zip code,      BOSTON,  MA  02109  USA
Country:

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| TREASURER | SHERRI LYNN MOYEN | 5 TECHNOLOGY PARK DRIVE WESTFORD, MA 01886 USA |
| SECRETARY | JOSEPH GUERRIERO | 5 TECHNOLOGY PARK DRIVE WESTFORD, MA 01886 USA |
| CEO | TIMOTHY DAHLTORP | 5 TECHNOLOGY PARK DRIVE WESTFORD, MA 01886 USA |
| DIRECTOR | TIMOTHY DAHLTORP | 5 TECHNOLOGY PARK DRIVE WESTFORD, MA 01886 USA |
| DIRECTOR | JOSEPH GUERRIERO | 5 TECHNOLOGY PARK DRIVE WESTFORD, |

|  | MA 01886 USA |
|--|--------------|

**Business entity stock is publicly traded:** ☐

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
|----------------|---------------------|------------------|--|------------------------------|
|  |  | No. of shares | Total par value | No. of shares |
| CWP | $ 0.01 | 1,000 | $ 10.00 | 0 |

| ☐ Consent | ☐ Confidential Data | ☐ Merger Allowed | ☐ Manufacturing |
|-----------|----------------------|-------------------|------------------|

**Note: Additional information that is not available on this system is located in the Card File.**

**View filings for this business entity:**

```
ALL FILINGS                                              ▲
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Application for Reinstatement                            ▼
```

**View filings**

**Comments or notes associated with this business entity:**

**New search**

MA SOC   Filing Number: 202159005350   Date: 6/11/2021 3:54:00 PM
CSC TRANS01        6/11/2021 3:51:20 PM   PAGE   3/006   Fax Server

# F
# FPC

# The Commonwealth of Massachusetts

**William Francis Galvin**
Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512

FORM MUST BE TYPED

## Certificate of Amendment

FORM MUST BE TYPED

**(General Laws Chapter 156D, Section 15.04; 950 CMR 113.49)**

(1) Exact name of corporation: **Aspect Software, Inc.**

*(as contained in the Division's records)*

(2) Registered office address: **84 State Street, Boston, MA 02109**

*(number, street, city or town, state, zip code)*

(3) This amendment shall change:

*(check appropriate box(es))*

☑ the corporation's name to*: **Alvaria, Inc.**

☐ the period of the corporation's duration to: _____

☐ the state or country of its incorporation to*: _____

☐ the street address of its principal office to: _____

☐ the fiscal year end to: _____

☐ the activities conducted by the foreign corporation in the commonwealth: _____

☐ its officers and directors: _____

☐ other _____

*The name must satisfy the requirements of G.L. Chapter 156D, Section 15.06.*

*\* If the amendment includes a change of its corporate name, or the state or country of its incorporation, attach a certificate evidencing the changes duly authenticated by the secretary of state or other official having custody of the corporate records in the state or country under whose law it is incorporated. If the certificate is in a foreign language, a translation thereof under oath of the translator shall be attached.*

P.C.

c156dn1904950cf1349 01/13/05

CSC TRANS01          6/11/2021 3:51:20 PM  PAGE   4/006   Fax Server

This certificate is effective at the time and on the date approved by the Division, unless a later effective date not more than 90 days from the date of filing is specified: _____

Signed by: _____ ,

*(signature of authorized individual)*

☐ Chairman of the board of directors,

☑ President,  Patrick Dennis

☐ Other officer,

☐ Court-appointed fiduciary,

on this 10th _____ day of June _____, 2021 _____ .

CSC TRANS01          6/11/2021 3:51:20 PM   PAGE   6/006   Fax Server



# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THAT THE SAID "ASPECT SOFTWARE,
INC.", FILED A RESTATED CERTIFICATE, CHANGING ITS NAME TO
"ALVARIA, INC." ON THE TWENTY-EIGHTH DAY OF MAY, A.D. 2021, AT
9:57 O`CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID
CORPORATION IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF
DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE
EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE
RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT
BUSINESS.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "ALVARIA,
INC." WAS INCORPORATED ON THE FIFTEENTH DAY OF JUNE, A.D. 1982.



939326  8320
SR# 20212410514

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203414858
Date: 06-10-21

MA SOC    Filing Number: 202159005350    Date: 6/11/2021 3:54:00 PM

## THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears

that the provisions of the General Laws relative to corporations have been complied with,

and I hereby approve said articles; and the filing fee having been paid, said articles are

deemed to have been filed with me on:

June 11, 2021 03:54 PM

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*